Good morning, your honors. My name is Catherine Alfieri, and I represent the appellant, Mr. Ignacio Galvan-Benavides. This case is before this court this morning because based on the facts and evidence adduced below, the district court committed an abuse of discretion by imposing a substantively unreasonable 84-month sentence. The 84-month sentence imposed was 2L1.2B1A, which was predicated upon a prior conviction that Mr. Galvan-Benavides sustained. It is undisputed in the record that the triggering prior conviction, which technically suffices under 2L1.2B1A as a drug trafficking offense, occurred more than 14 years earlier in a well-known park where drug addicts gather, congregate to use and sell drugs, small amounts of street liquor, and so forth. Mr. Galvan offered to sell an undercover LAPD officer a $5 or $10 rock of cocaine. He was arrested in possession of .76. Counsel, is this sentence within the Guidelines range? Yes, it is, your honor. It was at the lower end. Is it at kind of the bottom of the Guidelines range? It was the lower end of the Guidelines range, yes. So you have kind of an uphill fight here to find that it's unreasonable, given the amount of discretion that we give to the district court? I'm aware of that, your honor, and I appreciate the Court's candor. However, I think that in this case, the conduct underlying the prior conviction, where it entirely consists the Court is permitted to look at the conduct underlying the prior conviction, and in this case it entirely consists of an attempted $5 or $10 sale of rock cocaine by an addict trying to support his own. Can I ask you a foundational question? Sure. You are not challenging the procedural accuracy of the Guideline calculation? No, I'm not, your honor, because — So it's purely an attack on the substantive and the — On the substantive, absolutely, because even — technically, 113 — Health and Safety Code 11351.5 categorically qualifies as a drug trafficking offense, regardless of the minute amount. Okay. I just wanted — I just wanted to clarify that. Yes. If that's the case, then it seems to me that your argument is sort of an amalgamation of it's unreasonable because it's unfair and it borders on an Eighth Amendment violation of cruel and unusual punishment to give them this much time based on a $5 or $10 attempted sale, right? Yes. That's the overarching argument, but I — Okay. If that's the case, then how do we get around the Supreme Court cases that have approved third-strike punishment for offenses as minor as stealing $399 worth of goods from a store? Well, I think this Court can review any sentence for reasonableness under the Guidelines, and I think in this case, I think the Court should look at the enhancement itself. And as this Court said in the Amos Cua Vazquez case, the purpose of 2L1.2b1a is to quantify the seriousness of the current offense as the sentence for the current offense is increased because it is more serious to return and illegally reenter after deportation when the defendant — Well, Congress made a determination in providing for the 16-level enhancement — Correct. — that there is a policy against reentry by convicted drug traffickers. Correct. And although it seems harsh to slap that label on an addict who was engaged in a $5 or $10 transaction, that's a congressional determination that we have to respect. I'm trying to square the — I'll call it the heart-wrenching aspects of your argument with how we determine a sentence is unreasonable in light of our decision in Cardi and Zavala and so on. Well, I think, you know, the analysis I'm proffering to the Court is that the question is whether the measure of seriousness provided by the 16-level enhancement is reasonable on the facts of this case. Counsel, this is Judge Rawlinson. As a factual matter, what is your strongest case in terms of the facts that you think support your argument that this sentence is unreasonable? What's the closest case that you have that supports your argument? I believe that this Court's decision in Amos Cuevasquez is the closest — is the closest case where this Court found that the staleness of the prior crime of violence conviction merited not the full import of the 16-level enhancement. And I think this is a similar case to that, although 14 years is certainly, I believe, more recent than the Amos Cueva case. In this case, we have the offense — Go ahead. As the offense itself, the minor nature of the offense itself is also an issue. It's not just a staleness issue. It's an issue of this is someone who barely even qualifies as a drug trafficker. This is a provision that treats a drug kingpin who committed a thousand-kilo offense yesterday the same way that it treats a drug addict. But I'm back to the same concern I had about congressional policy. Congress made that choice when it decried aliens — illegal aliens who engage in drug offenses and who are deported. We don't want them back. And so we've got — it isn't just a question of the punishment that's being imposed here. It's the congressional policy that this is a class of undesirable aliens that we don't want back in the country under any circumstances. And I understand that. But I think that Booker and 3553A is the mechanism by which the district court should have looked at the level 16 enhancement and said this — the application of that 16-level enhancement in this case substantially overstates the nature and circumstances of the offense. There's no — Well, some years ago, Justice Kennedy made a talk at the ABA here in San Francisco convened for a meeting and decried the three-strike law and decried the terrible imposition of overpunishment. So we all thought, well, maybe there's going to be a change at the Supreme Court. She goes right back and again says that there was no power in the court to change that. So, you know, we feel our hands to be tied. Do you want to talk at all about whether a new counsel should have been appointed for your client? I would submit that issue on the briefs, Your Honor. And if I could address the fact that the district court in this case indeed had the discretion under Booker and under 3553A to both say that the 16-level enhancement was applicable and to say it overstates the nature and circumstances of the offense. I agree with you that it has that discretion, but do we overturn it when it declines to exercise its discretion in that fashion? Well, I believe on the record of this case and when this Court considers the totality of the circumstances, which include the severity of this 16-level enhancement for a street-level drug deal and the honorable reasons, which I didn't quite get to, but I see my time is winding down and I do want to save a bit for rebuttal. But there were honorable reasons, as the Court has alluded to, for Mr. Galvan-Benevides when he used to come back to the country and his history and characteristics and context. I believe you will find that the district court committed a clear error of judgment. Is that the standard? I'm really struggling with what test we apply because the district judge made it pretty clear that he considered all of those factors in setting the punishment at the low end of the range. And your argument really has to be that that was an unreasonable determination such that we can overturn it as substantively unreasonable. Well, and the question, I believe, or the way I'm positing it to the Court is that particularly, as the Amos Cua court said, is did the district court commit a clear error of judgment in the conclusion it reached upon weighing the relevant 3553A factors. And I submit that it did. And that constituted a ---- It's solely because he didn't go down far enough. It's really what ----  He was an unmitigated ---- He could have sentenced at the high end of the range. He could have, but it was an unmitigated application of the 16 levels without any ---- it wasn't that he gave eight levels. It wasn't that he gave four levels. It was that he gave all 16 levels and said, well, this de minimis amount of drugs is the reason why I'm sentencing at the low end of the range. Do you want to save that? I'll save 30 seconds. Thank you, Your Honor. Thank you. Your 34 seconds. Good morning, Your Honors. May it please the Court, my name is Mary Jean Chan, and I represent the United States in this appeal. None of the three defendants' claims weren't reversal in this case, but I'll focus today's argument on the sentencing argument since that's what defense counsel did. I think this Court is absolutely right that the district court in this case recognized that it had the discretion to go down based upon the quantity of the drugs. And it did. It exercised its discretion in giving the defendant some credit by going down to the low end of the guidelines. It did not go any further than that based upon the totality of the 3553A factors. And I'd like to make three points in my argument today. First, that the district court's decision was justified by the concern of deterring the defendant in light of his inability to be deterred by his 24-month sentence from his 2001 improper entry by an alien conviction. Second, that it was justified by the defendant's long and storied criminal history over 22 years. And the third point I'd like to make is that this case fundamentally is different from the Emezkua-Vazquez case. Now, the district court decided and did not abuse its discretion in deciding that an 84-month sentence was reasonable based upon the defendant's record. That's his history and characteristics. That's the seriousness of the offense. In 2001, he was charged with exactly the same charge he was convicted of in this case, 8 U.S.C. 1326. He was allowed to plead down to two lesser charges, two counts of 8 U.S.C. 1325A, which punishment is capped at two years. He pled guilty, incidentally, on the first day that trial was scheduled for in 2001, November 28, 2001. And you can see that from the docket of that case, just as he did in this case. He pled guilty on the first day of trial. So there was a pattern here. And after serving his two years in that case, he was deported in 2003. By 2006, he was back in the United States illegally, and not just a single time. In the month of July 2006, within one week, he was deported three times. So the district court did not abuse its discretion in deciding that something substantially more severe than 24 months was necessary to deter this defendant's illegal criminal conduct. Now, relatedly is my second point, which is about the defendant's general criminal conduct. And that also goes to the point of his, again, his history and criminal characteristics, the seriousness of the offense, as well as the need to protect the public from this defendant's further crimes. From 1987 to 2008, a 22-year span, he accrued 27 criminal convictions, including five felony convictions. And that, you know, that's a rate of over one conviction a year, and that doesn't even include the time when he was incarcerated or back in Mexico after having been deported. So that is another factor that justified the 84-month sentence. This case is fundamentally different from Inmescu-Vazquez, which stated in its own opinion that its holding was limited to the particular circumstances of that case. You had a person who had been a permanent resident in the United States for 50 years. He had been deported a single time just before his 1326 conviction. And he was receiving a 16-level enhancement based upon a 25-year-old conviction that wasn't even an aggravated felony at the time of the conviction. It wasn't an aggravated felony until 15 years later when Congress amended the statutes. Inmescu-Vazquez stated that where the qualifying conviction is either more recent, more severe, or there are other factors that show that the public needs to be protected from this defendant, that its holding does not apply. And all three differentiating factors exist in this case. The conviction in this case, the 1995 drug trafficking conviction, was more recent. It was 14 years, not 25 years. It counted within the defendant's criminal history. It was more severe. Drug trafficking at the time of the conviction was an aggravated felony. Moreover, he received a five-year sentence. Now, we've talked a lot, the defense has talked a lot about the drug quantity. But, in fact, we don't know all the circumstances of that case. And it's not, the district court was not the proper place to relitigate that conviction. He received a five-year sentence, a substantial sentence for drug trafficking. And that is given a 16-level enhancement in the guidelines, differentiating it from other drug trafficking convictions, which receive 13, which have a 12-level bump if it's 13 months or less. He was also immediately deported after that drug trafficking conviction. And finally, there is a greater need to protect the public. Here, the defendant, as I alluded to before, had a criminal history category six, unlike MSQA Vasquez, who had a criminal history category of two. He also would have qualified for different enhancements under 2L1.2 of the sentencing guidelines because his 2001 conviction was an aggravated felony and he had various other felonies. So that, again, is different from MSQA Vasquez. And also, there was indication that he had, to the extent that the defense wants to characterize him as having turned a whole new leaf, that's simply not substantiated by the record. After the 2001 conviction, he repeatedly reentered the United States illegally. He had four misdemeanor convictions. And as of the time that he was arrested and at the time that the pre-sentence report was prepared, he had an outstanding $30,000 arrest warrant for defrauding a 77-year-old woman of stealing her identity after she had employed him to do some landscaping work. So all of those factors justify the district court's decision. The district court also did not abuse its discretion in denying substitution of counsel because it inquired into the defendant's complaints. It ascertained that there was no irreconcilable conflict. And, in fact, the defendant never raised this concern again and repeatedly stated at his plea colloquy that he was very satisfied with the service and representation of his attorney. And accepting the defendant's plea was not plain error. The record shows that the defendant's guilty plea was knowing and voluntary. He had, in fact, pleaded guilty in 2001, had engaged in a settlement conference, and had never tried to withdraw the guilty plea until after sentencing. If the Court has no questions, I would submit and ask for an affirmance. Judge Rollinson, any questions? No.  Thank you very much. Thank you, counsel. Ms. Alfieri, I think you've got about 30 seconds remaining. I would simply ask the Court to take a look at the record. I'm not going to point by point disagree with Ms. Chan here. But I would point out the fact that there is no finding in the record by the district court that society needed to be protected or the public needed to be protected. The sole basis for this sentence by the district court is that the public  And the court needs to be protected on the sole basis for the sentence by the district court. Does the Court need to make that finding, though, where the statute includes that under 3553a as one of the factors? And we can look at his criminal history and see that he's got a lengthy record of recidivism. And I think the record also supports the fact that his record contextualized shows that his convictions were serious back when he was a drug addict and since his reentry into the country and since he got clean in 1999 and 2000, he did not have another felony conviction. He did not have another felony arrest. He did not have another drug conviction. He had a felony, a state felony charge hanging over his head. From, I believe, 19 – back from, I think, 1993 or – an old, an old, an old case. But since he got clean, there's been no further whatsoever, no further criminal convictions that are felonies and no further drug felonies. And, yes, he certainly got four misdemeanor convictions for driving without a license. But it is a common, as you know, undocumented problem. Those we understand. Yes. Okay. Thank you very much. The case just argued is submitted. And we will next hear argument in the case of United States.
judges: Fletcher B. , Tallman, Rawlinson